## PATISON v. PRATT.

### Sac. No. 666; June 10, 1900.

#### 61 Pac. 783.

Appeal.—Findings Based on Conflicting Evidence will not be disturbed.

APPEAL from Superior Court, Stanislaus County.

Action by Henry C. Patison against Samuel Pratt. From a judgment in favor of plaintiff and an order denying a new trial defendant appeals. Affirmed.

Maddox & Stonesifer for appellant; P. J. Hazen for respondent.

SMITH, C.—The action was brought to recover the possession or value of certain livestock and hay taken by defendant from the plaintiff. The defense was a general denial, and, as to the livestock, justification of the taking under the "act relating to estrays," etc., of March 27, 1897 (Stats. 1897, p. 198). The court found the ownership of the property in controversy in the plaintiff, and the taking of the same by the defendant. The only specifications with regard to these findings are the insufficiency of the evidence to justify the finding of ownership "at any time after . . . . June 15, 1897," the date of the sale of the animals by the constable as estrays, or to justify the finding that "defendant took said property without right." This disposes of the question as to the hay in favor of the plaintiff, and leaves us to consider only the plea of justification, under the act, for the taking of the livestock. On this point it appears from the evidence that the animals were taken up on a tract of land described as the north half of section 22 of a specified township and range, and that the date of the taking was May 3, 1897. This land prior to November 21, 1895, belonged to the plaintiff's wife, Nellie Patison, but was subject to a deed of trust executed by her predecessors in title, Henry Patison and wife, to secure their promissory note to the Sacramento Bank for $2,000. of date June 22, 1881, payable June 22, 1885; and on the day named (November 21, 1895) the trustees executed to the as-

signee of the bank (one Powell) a deed purporting to convey to him the land. Afterward and prior to November 14, 1896, Mrs. Patison, who had continued in possession, leased the east half of the tract to one Laughlin, and on that day (Laughlin being in possession under his lease) she executed to one Murphy a lease of the whole tract for the term of three years, the rent reserved being a fourth of the crops, and he covenanting to cultivate the premises. Both the plaintiff and his wife testified that, on account of the failure of the lessees to cultivate the land as covenanted, the possession of both quarter sections, except forty-three or forty-four acres on the Murphy quarter, and a small part of the Laughlin quarter planted to grain, had been surrendered to Mrs. Patison; and that they were in possession at the time of defendant's entry and the taking of the property sued for, and also that the animals were taken up on the part of the land not in grain. The defendant, who had taken an assignment of Murphy's lease, of date April 10, 1897, and also a lease from Powell, claims that he was in possession of the premises prior to the taking, and that the animals, or some of them, were trespassing on the growing grain. His evidence on these points was evasive and otherwise unsatisfactory, but may be regarded, without affecting the result, as contradicting that of the Patisons. The court found that the animals taken up by the defendant "were not straying upon any premises in the possession of or leased by the defendant"; and in view of the evidence, which, to say the least, is conflicting on this point, the finding cannot be disturbed. It follows that the taking of the animals by defendant was a mere trespass.

Other points are made, but, in the view we take of the case, are immaterial. We therefore advise that the judgment and order denying a new trial be affirmed.

We concur: Chipman, C.; Cooper, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order denying a new trial are affirmed.